UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BRANDON RICHARDS, et al.,

       Plaintiffs,                                 Case No. 20-11331

vs.                                                 HON. MARK A. GOLDSMITH

R.U.M. PERTA,

       Defendant.
_____/

## ORDER OF TRANSFER

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiffs Kyle Brandon Richards, Kenneth Pruitt, and Robert Lee Kissee are state prisoners currently confined at the Baraga Maximum Correctional Facility ("Baraga") in Baraga, Michigan. The complaint alleges that Defendant Perta, a residential unit manager at Baraga, sexually abused and harassed Plaintiffs, retaliated against them, and interfered with the grievance process and Plaintiffs' access to the courts. Plaintiffs have not pleaded that the events complained of occurred in a location other than Baraga. Having reviewed the complaint, the Court concludes that venue is improper in this Court and that the case should be transferred to the United States District Court for the Western District of Michigan.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Under that statute, venue is proper in the following judicial districts:

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. See 28 U.S.C. § 1406(a). Under 28 U.S.C. § 1406(a), a district court may transfer a civil action to any other district where it might have been brought and may do so sua sponte. See Flynn v. Greg Anthony Constr. Co., Inc., 95 F. App'x. 726, 738 (6th Cir. 2003).

The events giving rise to the present action appear to have occurred in Baraga County, Michigan. And because public officials sued in their official capacity "reside" in the county where they perform their official duties, Defendant Perta resides in Baraga County, Michigan. See O'Neill v. Battisti, 472 F.2d 789, 791 (6th Cir. 1972). Baraga County is located in the Western District of Michigan. See 28 U.S.C. § 102(b)(2). Venue, therefore, is proper in the United States District Court for the Western District of Michigan, and not this Court.

Accordingly, pursuant to 28 U.S.C. § 1406(a), and in the interests of justice, the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of the complaint or any filing requirements.

SO ORDERED.

Dated: June 4, 2020  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 4, 2020.

s/Karri Sandusky  
Case Manager