UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE B. RICHARDS, et al.,

    Plaintiffs,

v.

UNKNOWN PERTTU,

    Defendant.

_____/

Case No. 2:20-cv-76

Hon. Hala Y. Jarbou

## **ORDER**

This is a prisoner civil rights action under 42 U.S.C. § 1983. Defendant filed a motion for summary judgment (ECF No. 34), arguing that Plaintiffs failed to exhaust their available administrative remedies. Plaintiffs filed a motion for a preliminary injunction (ECF No. 24), a motion to change venue and/or disqualify the presiding judges (ECF No. 25), and two motions for a protective order and requests for a federal investigation (ECF Nos. 38, 47). The magistrate judge issued a report and recommendation (R&R) that the Court deny the motions (ECF No. 97). Before the Court are Plaintiffs' objections to the R&R (ECF No. 99) and Defendant's objections to the R&R (ECF No. 102).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### **A. Defendant's Objections**

In the R&R, the magistrate judge determined that Defendants had not shown that they were entitled to summary judgment on the affirmative defense of exhaustion because there was a question of fact as to whether an administrative remedy was available to Plaintiffs. According to

Plaintiffs, Defendant repeatedly destroyed their grievances, rendering the grievance process unavailable to them. In response, Defendant presented an affidavit from the Grievance Coordinator, who avers that grievance forms are widely available throughout the housing units and that prisoners can file them in kite boxes located in every housing unit and in the mess hall. (*See* R&R 10, ECF No. 97.) The R&R then states:

> Logic dictates that it would be extremely difficult for RUM Perttu to single-handedly identify and intercept every single PREA grievance the Plaintiffs claimed to have written over a period of many months. Nevertheless, those are the allegations made by Plaintiffs. Obviously, RUM Perttu does not work 24 hours per day, seven days per week. And it seems logical that Plaintiffs would have opportunities to file or deliver PREA grievance forms when Perttu was not in the housing unit. Furthermore, it seems logical that Plaintiffs would routinely encounter other prison officials who could have received PREA grievance forms. But Defendant does not make these arguments. He simply says grievance forms are available and kite boxes are located throughout the housing units. The Court cannot base its decisions on speculation or arguments a defendant has failed to make.

(R&R 10-11.)

Defendant quotes this portion of the R&R and urges the Court to accept this new argument. However, the Court typically does not consider arguments raised for the first time in objections and sees no compelling reason to do so here. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Furthermore, if in fact Perttu destroyed Plaintiffs' grievances, it may not matter that Plaintiffs had opportunities to file others. Prisoners are not required to "utilize every conceivable channel to grieve their case[.]" *Napier v. Laurel Cnty.*, 636 F.3d 218, 224 (6th Cir. 2011). Thus, when attempting to exhaust their administrative remedies, prisoners are not necessarily obligated to go beyond the scope of the MDOC's requirements by filing multiple grievances in order to prevent prison officials from thwarting their efforts. If prisoners must follow the MDOC's rules regarding the *exhaustion* of grievances, there is "no reason to exempt the agency from similar

compliance with its own rules" regarding the *processing* of grievances. *Risher v. Lappin*, 639 F.3d 236, 240-41 (6th Cir. 2011).

Defendant also contends that the R&R "improperly shifts the summary judgment standard to ask that MDOC Defendant Perttu . . . disprove the logically impossible." (Def.'s Objs. 2, ECF No. 99.) The R&R does no such thing. Instead, it simply notes an argument that Defendant failed to raise and concludes that a question of fact remains on the question of exhaustion. Furthermore, it is not impossible to prove that Defendant did not destroy Plaintiffs' grievances or otherwise prevent them from exhausting their remedies. Among other things, Defendant can testify as to what he did or did not do with Plaintiffs' grievances. Thus, Defendant's objections are meritless.

### B.  Plaintiffs' Objections

#### 1. Bench Trial / Evidentiary Hearing

The magistrate judge concluded that "the exhaustion issue in this case is appropriate for resolution at an evidentiary hearing conducted pursuant to this Court's authority under *Lee v. Willey*." (R&R 11.) In *Lee v. Willey*, 789 F.3d 673 (6th Cir. 2015), the Court of Appeals held that disputed issues of fact regarding exhaustion under the PLRA could be decided in a bench trial. *Id.* at 678. Among other things, that court noted that the Seventh Amendment right to a jury trial did not extend to the exhaustion question because it involved a "threshold issue[] of judicial administration" rather than an issue regarding the merits of the underlying case. *Id.*

Plaintiffs object to the magistrate judge's statement, contending that they have a right to a jury trial on exhaustion. As discussed in *Willey*, however, Plaintiffs do not have such a right, and neither does Defendant.

Plaintiffs also contend that *Willey* does not apply because the parties in that case consented to a bench trial, whereas the parties in this case have not consented. Plaintiffs are mistaken. There is no indication that the parties in *Willey* consented to a bench trial. Indeed, if they had, there

would have been no need for the Court of Appeals to address the issue in its opinion.  Thus, the Court agrees with the R&R that it can hold an evidentiary hearing or bench trial on the issue.

### 2. Fair Trial

Next Plaintiffs contend that they will not receive a fair trial because they do not "trust" the judges assigned to this case.  Plaintiffs contend that the section of the R&R discussing the argument Defendant failed to raise is tantamount to providing legal advice to Defendant.  However, the magistrate judge raised this issue when *denying* Defendant's motion.  That result *benefits* Plaintiffs.  Moreover, Plaintiffs' distrust is not adequate to disqualify the judges assigned to this case.

### 3. Claims 3 - 7

Plaintiffs argue that the R&R does not address claims "3-7" in the complaint, which are Plaintiffs' retaliation claims.  (Pls.' Objs., ECF No. 102, PageID.457.)  In response to Defendant's motion for summary judgment, Plaintiffs argued that these claims are exhausted.  It is not clear why Plaintiffs raise this objection because the R&R recommends that the Court *deny* Defendant's motion for summary judgment regarding exhaustion as to all claims.  The Court will adopt that recommendation.  Thus, the objection is moot.

### 4. FBI Investigation

Plaintiffs assert that the R&R wrongly denies their request for an FBI investigation.  According to Plaintiffs, they are not asking the Court to *compel* an investigation, they are simply asking the Court to *request* an FBI investigation or to *forward* Plaintiffs' request to the FBI.  Those requests are beyond the scope of the Court's authority, so the R&R correctly denied them.

In short, the Court discerns no merit to Plaintiffs' or Defendant's properly raised objections to the R&R.  Accordingly,

4

**IT IS ORDERED** that Plaintiffs' and Defendant's objections to the R&R (ECF Nos. 99, 102) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 97) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motions for a preliminary injunction, for a change of venue, for disqualification of the judges assigned to this case, for protective orders, and for a federal investigation (ECF Nos. 24, 25, 38, 47) are **DENIED**.

Dated:  August 10, 2021                              /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     UNITED STATES DISTRICT JUDGE