UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE B. RICHARDS #641715, et al.,    Case No.  2:20-cv-00076

    Plaintiff,    Hon.  Hala Y. Jarbou
                                                                     U.S. District Judge

v.

UNKNOWN PERTTU,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

This Report and Recommendation (R&R) addresses Plaintiff Kyle Brandon Richard's motion for summary judgment.  (ECF No. 90.)

State prisoners Kyle Richards, Kenneth Pruitt, and Robert Kissee filed this civil rights action, pursuant to 42 U.S.C. § 1983, on April 23, 2020.  (ECF No. 1.)  In Plaintiffs' verified complaint, they alleged numerous claims against Residential Unit Manager (RUM) Thomas Perttu.  (ECF No. 1.)  According to Plaintiffs, while they were imprisoned at Baraga Correctional Facility (AMF), RUM Perttu made numerous improper sexual advances towards them, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  By undersigned's count, Plaintiffs have alleged approximately 34 Eighth Amendment claims.  Plaintiffs alleged that RUM Perttu retaliated against them by threatening them with physical harm for filing grievances, destroying their property, and depriving them of access to

email services and lined paper. These claims allege violations by RUM Perttu from June 2019 through April 2020.

Plaintiff Richards filed a motion for partial summary judgment on his claim that RUM Perttu initiated a retaliatory transfer to a less secure and more dangerous facility. (ECF No. 90, PageID.396.) After Richards refused the transfer, he received several misconduct tickets that caused his placement in administrative segregation. (*Id.*, PageID.397.) Richards says that he has been diagnosed with various mental illnesses including, post-traumatic stress disorder, pervasive developmental disorder, bi-polar disorder, anti-social personality disorder, and schizo-effective personality disorder. (*Id.*, PageID.398.) Richards argues that long-term placement of mentally ill prisoners in administrative segregation violates the Eighth Amendment. Defendant Pertuu has filed a response. (ECF No. 92.) Richards filed a reply. (ECF No. 93.)

As an initial matter. Richards's motion is premature. The Court plans to conduct a bench trial on the issue of exhaustion in November. In addition, the parties have not engaged in discovery yet. Furthermore, Richards, as one of the plaintiffs, must satisfy a heavy burden to show that summary judgment in his favor is warranted. Based on the claims in the record, he has not met that burden. Richards has failed to establish that no genuine issue of fact exists on his claim that his placement in administrative segregation was in retaliation for the filing of grievances or that his Eighth Amendment rights were violated due to his "long-term" placement in administrative segregation based upon his mental health disabilities.

2

It is respectfully recommended that the Court deny Richards's motion for summary judgment without prejudice, which will allow Richards to renew his motion after discovery is complete.

## II. Factual Allegations

Plaintiffs argue that they have been held in administrative segregation in retaliation for filing grievances.[1] (ECF No. 1, PageID.25.) Only Plaintiff Richards moves for summary judgment on this claim. (ECF No. 90.) Richards argues that he is a "vulnerable" adult under Michigan law due to his mental health disabilities. (*Id.*, PageID.26.) Richards says that he can only be housed in a single bed in Level 5 due to his disabilities that make him vulnerable to sexual assault and exploitation by other inmates and prison staff. (*Id.*, PageID.27.) Richards says that in retaliation for filing grievances, RUM Perttu placed him on a transfer list to a dangerous less secure Level 4 prison, which would force him to double bunk in a cell with a violent inmate. (*Id.*, PageID.28.) On August 20, 2019, Richards refused to transfer to a new prison. (*Id.*) RUM Perttu placed Richards in administrative segregation where he allegedly remains despite his positive behavior. (*Id.*)

---

[1] In the MDOC, security classifications, from least to most secure, are as follows: Levels I, II, IV, V, and administrative segregation. MDOC Policy Directive 05.01.130 ¶ B (Oct. 10, 2011). There are three types of segregation: temporary segregation, administrative segregation, and punitive segregation. MDOC Policy Directive 04.05.120 ¶¶ M, Q, Z (June 1, 2019). Administrative segregation is the most restrictive and is imposed for institutional security, *e.g.*, when a prisoner poses a serious escape risk or poses a serious threat to the physical safety of staff or other prisoners. *Id.* ¶ Q.

### III.    Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).    The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."    *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

This standard is difficult to satisfy when the plaintiff moves for summary judgment.    "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).    The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."

*Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## IV. Analysis

Richards claims that "irrefutable evidence on the face of the record" shows that he is entitled to prevail. (ECF No. 90, PageID.395.) Perttu provides only a very brief response. He says that Richards's motion is conclusory and lacks analysis. (ECF No 92.) He also points out that he had filed a motion for summary judgment on the basis of exhaustion (*see* ECF Nos. 34, 35) and asks the Court consider his arguments in that motion here. (PageID.92, PageID.411.)

### 1. Richards's Motion for Summary Judgment is Premature

This Court recently denied Perttu's motion for summary judgment based on exhaustion, but has ordered a bench trial on that issue. (*See* ECF No. 97 (R&R recommending denial of motion for summary judgment), ECF No. 105 (order approving R&R), ECF No. 118 (order scheduling bench trial on exhaustion for Nov. 4, 2021).) That bench trial is scheduled to take place on November 4, 2021. Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Court must still decide whether Richards and the other plaintiffs exhausted their claims. This decision is required before the

case moves forward. Richards's motion for summary judgment is therefore premature.

It should also be noted that Perttu's motion for summary judgment based on exhaustion was filed before Richards filed his motion for summary judgment. Perttu may reasonably expect to have the exhaustion issue decided before moving on to the merits of Richards's claims.

### 2. Genuine Issues of Fact Remain with Respect to Richards's Retaliation Claim

Richards has not shown that he has satisfied the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*.

After a prisoner establishes the first two elements, the prisoner must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The Sixth Circuit has also employed a burden-shifting approach with respect to the causation element:

> Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment.

*Thaddeus-X,* 175 F.3d at 399.

Richards assert in his verified complaint that he filed grievances against Defendant Perttu. Defendant Perttu simply argues, by incorporating arguments from his own summary judgment motion, that Richards did not exhaust those grievances through each step of the grievance process. However, simply threatening to file a grievance is protected conduct. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018) (citing *Pasley v. Conerly*, 345 Fed. App'x. 981, 985 (6th Cir. 2009)). Similarly, placement into administrative segregation can qualify as adverse conduct. *Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010).

Whether RUM Perttu placed Richards in administrative segregation because of Richards's grievances is not clear and, in the opinion of the undersigned, a genuine issue of material fact exists on that issue. It is respectfully recommended that the Court find that Richards has failed to establish a lack of a genuine issue of fact on his retaliation claim that Defendant RUM Perttu placed him in administrative segregation because he had filed grievances.

### 3. Genuine Issues of Fact Remain with Respect to Richards's Eighth Amendment Claim

Richards asserts that long-term placement in administrative segregation violates his rights due to his mental disabilities. The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (internal quotations omitted). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Although Richards may be denied certain privileges due to his administrative segregation, he has not asserted that he is being denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges due to administrative segregation cannot establish an Eighth

Amendment violation. *Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).[2]

Long term segregation of inmates with mental health issues can implicate the Eighth Amendment. The Sixth Circuit recognized that segregation more severely affects inmates with existing mental illness. *J.H. v. Williamson Cty. et al.*, No. 18-5874, 2020 WL 939197 (6th Cir. Feb. 27, 2020). "[S]olitary confinement 'can cause severe and traumatic psychological damage'" and an inmate's existing mental illness should be considered before placing him in or extending his isolation. *Id.* at *6 (quoting *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017)); *see also Wallace v. Baldwin*, 895 F.3d 481, 485 (7th Cir. 2018) (holding that the continued isolation of an inmate raised a "genuine concern that the negative psychological effects of his segregation will drive him to self-harm" because he had a mental illness and had already been isolated for 11 years). While considering the mental health of the inmate, a court should remain "mindful of the nature and duration" of the confinement in segregation. *J.H.*, 2020 WL 939197, at *6. In the opinion of the undersigned, the record fails to establish that Richard's placement in administrative segregation violates his Eighth Amendment rights due to his mental health disabilities. Richards has set forth no evidence regarding the extent of his disabilities or the effect of administrative segregation on his mental health condition.

---

[2] Richard's cannot bring an Eighth Amendment claim for emotional or mental damages without showing a physical injury. 42 U. S.C. §1997e(e).

It is recommended that the Court deny Richard's motion concerning his Eighth Amendment claims.

## V. Recommendation

It is respectfully recommended that the Court deny Richards's motion for summary judgment (ECF No. 90) without prejudice, which will allow Richards to renew his motion after discovery is complete.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   September 7, 2021                                    /s/ *Maarten Vermaat*
                                                              MAARTEN VERMAAT
                                                              U.S. MAGISTRATE JUDGE