UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE B. RICHARDS, et al.,

    Plaintiffs,

v.

UNKNOWN PERTTU,

    Defendant.
_____/

Case No. 2:20-cv-76

Hon. Hala Y. Jarbou

## **ORDER**

On September 7, 2021, the magistrate judge issued a report and recommendation (R&R) recommending that the Court deny Plaintiff Richards's motion for summary judgment. (R&R, ECF No. 119.) Before the Court are Plaintiffs' objections to the R&R (ECF Nos. 121, 126).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate determined that Plaintiff's motion was premature because there had been no discovery and because there were questions of fact as to whether Plaintiff had exhausted his administrative remedies. In addition, the magistrate determined that there were questions of fact as to whether Defendant violated Plaintiff's constitutional rights. The Court has scheduled a bench trial to determine whether Plaintiffs have exhausted their available remedies.

Plaintiffs object that they have already established the issue of exhaustion, referring the Court to grievance documents filed at ECF No. 83. The Court has reviewed those documents. They do not establish that Plaintiffs have exhausted their remedies. For one thing, none of the documents refers to Defendant Perttu. One document, a grievance appeal form, refers to "RUM

Perta" but it is not clear whether this reference applies to Defendant.  (*See* ECF No. 83-2, PageID.373.)  Moreover, there is no evidence of a Step I grievance form for this particular appeal, so the Court cannot ascertain whether Richards properly exhausted his grievance at Step I of the grievance process.  And as noted in a previous R&R adopted by the Court (ECF No. 97), Defendant produced evidence that Plaintiffs never filed any grievances naming Defendant Perttu.

Other documents in ECF No. 83 contain assertions that prison staff destroyed Plaintiffs' grievances, potentially rendering the grievance process unavailable.  However, those documents simply create a question of fact because Defendant presented evidence disputing these assertions.  Accordingly, the magistrate judge correctly determined that there is a genuine dispute of fact regarding exhaustion.

Plaintiffs also dispute the magistrate judge's determination that there are questions of fact regarding the merits of their claims.  However, the Court agrees with the magistrate judge that a decision on the merits of Plaintiffs' claims is premature.  The Court will decide the issue of exhaustion first.  Plaintiff Richards can refile his motion for summary judgment later in the case, after the Court's ruling on the issue of exhaustion.

Accordingly,

**IT IS ORDERED** that Plaintiffs' objections (ECF Nos. 121, 126) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 119) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 90) is **DENIED WITHOUT PREJUDICE**.

Dated:   October 5, 2021                         /s/ Hala Y. Jarbou
                                                HALA Y. JARBOU
                                                UNITED STATES DISTRICT JUDGE