UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE B. RICHARDS, et al.,

    Plaintiffs,

v.

    Case No. 2:20-cv-76

    Hon. Hala Y. Jarbou

UNKNOWN PERTTU,

    Defendant.

_____/

# ORDER

This is a prisoner civil rights action under 42 U.S.C. § 1983. The magistrate judge conducted a bench trial on the issue of exhaustion and determined that Plaintiffs failed to show that they exhausted available administrative remedies against Defendant. Before the Court are Plaintiffs' objections to the R&R (ECF No. 159).

The rules for making and resolving objections in this context are as follows:

> (2) *Objections.* . . . Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.
>
> (3) *Resolving Objections.* The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

**A. Plaintiffs' Objections**

Plaintiffs raise a total of nine objections. Apparently, Plaintiffs did not make any arrangements for transcribing the record of the evidentiary hearing, as required by Rule 72(b)(2). They have not provided a transcript to the Court, and there is no indication that they attempted to

have one made. Accordingly, the Court must address Plaintiffs' objections without the complete record.

### 1. Objection 1:  Standard of Review

Plaintiffs contend that the standard of review applied by the magistrate judge, preponderance of the evidence, was improper. Plaintiffs argue that the magistrate judge should have drawn all inferences in their favor, in accordance with a summary judgment motion. Plaintiffs are mistaken. The magistrate judge did not evaluate a summary judgment motion; instead, he held an evidentiary hearing. In that context, he could weigh the witnesses' credibility and the parties' evidence to determine whether the parties met their respective burdens of proof. The proper standard for evaluating the evidence was a preponderance of the evidence.

Plaintiffs also contend that the magistrate judge drew improper inferences from the evidence, misquoted witness testimony, and did not consider facts in Plaintiffs' complaint that Richards attempted to verify with his testimony. By failing to provide a transcript of the hearing, Plaintiffs have failed to provide a record on which to review these objections. Accordingly, this objection is denied.

### 2. Objections 2, 3, 5 & 9

In objections 2, 3, 5, 9, Plaintiffs contend that the magistrate judge (1) failed to consider testimony by certain witnesses, (2) attempted to suppress a MDOC memorandum, (3) improperly considered testimony that was inadmissible, not credible, or not based on personal knowledge, and (4) discounted testimony that was credible. Plaintiffs have not provided a record to support these objections. Plaintiffs' summary of the evidence and testimony presented at the hearing is not sufficient. Thus, these objections will be denied.

### 3. Objection 4

Plaintiffs argue that there was a mistrial because the MDOC defendants "doctor[ed] portions of trial records and proceedings" and "controll[ed] communication of parties during testimony." (Pls.' Objs., PageID.798.) For instance, Plaintiffs contend that the MDOC deliberately decreased the volume of Plaintiffs' audio input and output and deliberately cut their audio and video feed during testimony. Because Plaintiffs have not provided a copy of the transcript, these objections are unsupported.

### 4. Objection 6

The magistrate judge determined that Grievance AMF-20-01-6-22B was not properly exhausted until *after* Plaintiffs filed their complaint. Consequently, Plaintiffs could not rely on that grievance to show exhaustion. (*See* R&R 27-29.) The magistrate judge determined that exhaustion is not complete until a prisoner has received the step III response (*id.* at 28), but Plaintiffs object that exhaustion was complete when they *filed* their step III appeal.

Plaintiffs cite MDOC Policy Directive 03.02.130, which states:

> Complaints filed by prisoners regarding grievable issues as defined in this policy serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all three steps of the grievance process in compliance with this policy.

Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 ¶ C. Plaintiffs apparently rely on the "when filed" language, but this paragraph does not identify the end date for exhaustion. Instead, it simply clarifies that there is a three-step process through which a prisoner must exhaust his complaint.

Furthermore, the section of the policy directive discussing step III of the grievance process suggests that the end of the process is when a step III response *is issued*, because that response "is final." *See id.* ¶ II. Indeed, the purpose of the exhaustion requirement is to give the prison "an opportunity to correct its own mistakes . . . before it is haled into federal court[.]" *Woodford v.*

3

*Ngo*, 581 U.S. 81, 89 (2006) (quoting marks omitted). That purpose would not be served if a prisoner could bring a lawsuit before the MDOC has had an opportunity to respond to the step III appeal.

The magistrate judge relied upon *Ross v. Duby*, No. 09-531, 2010 WL 3732234, at *1 (W.D. Mich. Sept. 17, 2010) for his conclusion that the response to the step III grievance appeal completed the grievance process. *See id.* ("Now that the MDOC has responded to Plaintiff's Step III grievance, Plaintiff's administrative remedies have been exhausted."). Other courts have held the same. *See, e.g.*, *Dulak v. Corizon Inc.*, No. 14-10193, 2014 WL 8479789, at *4 (E.D. Mich. Dec. 30, 2014), *report and recommendation adopted in relevant part,* No. 14-10193, 2015 WL 1530453 (E.D. Mich. Mar. 31, 2015); *Coleman v. Gullet*, No. CIV.A. 12-10099, 2013 WL 2634851, at *10 (E.D. Mich. June 10, 2013); *Garren v. Prisoner Health Servs.*, No. CIV.A. 11-14650, 2012 WL 4450495, at *2 (E.D. Mich. Aug. 6, 2012), *report and recommendation adopted,* No. 11-CV-14650-DT, 2012 WL 4450491 (E.D. Mich. Sept. 25, 2012). In contrast, Plaintiffs offer no support for their position in the case law.

Plaintiffs argue that the filing date of the step III appeal should be the end date for exhaustion because the MDOC might never respond to that appeal. However, the policy directive indicates that a response will be provided "in a timely manner" and that responses are generally provided "within 60 business days." Policy Directive 03.02.130 ¶ II. Consequently, a prisoner could potentially argue that where no response has been received within 60 business days, then exhaustion is complete. But that was not the case here,[1] and Plaintiffs do not make that argument. Accordingly, Plaintiffs' objection will be denied.

---

[1] According to evidence cited in the R&R, less than 60 business days passed from the date the step II response to Grievance AMF-20-01-6-22B was received (February 10, 2020) to the date the step III response was received (April 30, 2020). (*See* R&R 28.) That being the case, the step III response must have issued less than 60 business days after the step III appeal was filed.

**5. Objection 7**

Plaintiffs argue that some grievances were improperly rejected. However, the reasons for rejection are irrelevant. The issue is whether Plaintiffs exhausted the grievance process. The magistrate judge properly concluded that Plaintiffs failed to do so. (*See* R&R 27-29.)

**6. Objection 8**

Finally, Plaintiffs argue that the magistrate judge should have considered Plaintiffs' claim that they were in imminent danger when they filed this lawsuit. According to Plaintiffs, Defendant threatened to kill them or subject them to physical violence if they filed grievances. Plaintiffs contend that they should be excused from the exhaustion requirement in these circumstances. However, Plaintiffs provide no record support for their contention that they testified to the magistrate judge about such threats or argued that those threats excuse them from using the grievance process. Nor do Plaintiffs identify any binding precedent that such threats would excuse them from the exhaustion requirement. And in any case, the threats Plaintiffs faced did not prevent them from using the grievance process. Rather, the problem is that Plaintiffs filed this lawsuit before completing that process.

Accordingly,

**IT IS ORDERED** that Plaintiffs' objections to the R&R (ECF No. 159) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 157) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

A judgement will enter consistent with this Order.

Dated:   March 22, 2022                          /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 UNITED STATES DISTRICT JUDGE