UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


KYLE B. RICHARDS,

      Plaintiff,

                                    Case No. 2:20-cv-76

v.

                                    Hon. Hala Y. Jarbou

UNKNOWN PERTTU,

      Defendant.

_____/

## **ORDER**

On January 8, 2026, the magistrate judge entered a Report and Recommendation (R&R) that the Court allow Plaintiff Kyle Richards's case to go forward on 31 claims and that the Court allow three and half months of discovery followed by dispositive motions.  (R&R, ECF No. 228.) Before the Court are Defendant Perttu's objections to the R&R (ECF No. 232).

Under Federal Rule of Civil Procedure 72,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The Supreme Court held that Plaintiff "[has] a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment." *See Richards v. Perttu*, 605 U.S. 460, 468 (2025).  Defendant interprets this principle to mean that only some of Plaintiff's retaliation claims require a jury trial because those claims are the only ones that involve Defendant's alleged retaliatory conduct of destroying Plaintiff's grievances. Defendant apparently argues that the Court can dismiss the other claims because the elements of

those claims do not require Plaintiff to establish any facts regarding his ability to exhaust his administrative remedies. (*See* Def.'s Mem. 8–12, ECF No. 222.)  The Court disagrees.

The purpose of the intertwinement inquiry is to determine what "factual disputes" should be sent to a jury. *See Richards*, 605 U.S. at 470.  If a factual dispute goes to the merits of a claim, then a jury must resolve that factual dispute. *Id.*  Here, there are factual disputes about whether Defendant destroyed Plaintiff's grievances (thereby preventing Plaintiff from using the grievance process) or took other retaliatory actions (including making threats and placing Plaintiff in segregation) that could have deterred Plaintiff from using the grievance process.  Those factual disputes must go to the jury because they concern the merits of Plaintiff's retaliation claims under the First Amendment.  For Plaintiff's ADA, Fifth Amendment, or Eighth Amendment claims to proceed, it does not matter whether the elements of those claims require Plaintiff to show retaliatory conduct by Defendant.  What matters is that, if Defendant's retaliatory conduct could have prevented Plaintiff from exhausting these other claims, then the Court cannot dismiss these claims for lack of exhaustion because there is an open question as to whether the grievance process was available to Plaintiff. *See id.* at 465 (noting that "'exhaustion is not required' when a prison administrator 'threaten[s] individual inmates so as to prevent their use of otherwise proper procedures.'" (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016)).

Suppose, for example, that Defendant's retaliatory conduct (e.g., destroying grievances, making threats) is the basis for a retaliation claim *and* that this conduct also prevented Plaintiff from pursuing a grievance for one of his Eighth Amendment claims.  If there is a factual dispute about whether Defendant engaged in that conduct, a jury would have to resolve that dispute because it goes to the merits of the retaliation claim.  And because that dispute is also relevant to the exhaustion defense for the Eighth Amendment claim, the Court would not be able to decide

2

whether Plaintiff exhausted available remedies for that claim.  The Court would have to leave that issue for the jury.  Thus, at this stage, that Eighth Amendment claim could proceed notwithstanding Defendant's exhaustion defense.

That said, Defendant may be correct that the exhaustion defense for some of Plaintiff's claims is not intertwined with factual disputes that go to the merits of any of his other claims.  For instance, it is possible that Plaintiff failed to exhaust some of his claims for reasons that have no plausible connection to any retaliatory conduct by Defendant.  But as the magistrate judge noted, no court has determined which claims are intertwined.  (*See* R&R 5-7.)  Similarly, the parties did not adequately address that issue in their briefing.  Plaintiff argues that all claims survive whereas Defendant argues that only retaliation claims involving the destruction of grievances can proceed. Neither party provides a sufficient factual basis for determining, on a claim-by-claim basis, whether the exhaustion defense for one claim is intertwined with the merits of another claim.  The Court declines to conduct an independent assessment of the matter.  Instead, as recommended by the magistrate judge, the Court will allow the parties to conduct discovery and then file dispositive motions.  Should the evidence demonstrate that there is no genuine factual dispute that must go to the jury regarding the exhaustion of particular claims, Defendant can make that argument in a summary judgment motion.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 228) is **APPROVED** and **ADOPTED** as the opinion of the Court as set forth herein.

3

The Court will issue an amended case management order setting forth deadlines for discovery and dispositive motions.

Dated: March 31, 2026                    /s/ Hala Y. Jarbou
                                         HALA Y. JARBOU
                                         CHIEF UNITED STATES DISTRICT JUDGE